IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRY WORLEY,

Plaintiff,

v.

PITE DUNCAN, LLP; and PNC BANK, NA dba PNC MORTGAGE,

Defendants.

Case No. 6:13-cv-02104-AA
OPINION AND ORDER

---

Keith D. Karnes
Karnes Law Offices, PC
1860 Hawthorne Avenue N.E., Suite 10
Salem, Oregon 97301

E. Clarke Balcom
Jay B. Derum
Clarke Balcom, PC
1312 S.W. 16th Avenue, Second Floor
Portland, Oregon 97201
Attorneys for plaintiff

Casper J. Rankin
Tracy J. Frazier
Pite Duncan, LLP
621 S.W. Morrison Street, Suite 425
Portland, Oregon 97204
Attorney for defendant Pite Duncan, LLP

Michael A. Yoshida
Stephen P. Yoshida
Martin, Bischoff, Templeton, Langslet & Hoffman, LLP
888 S.W. Fifth Avenue, Suite 900
Portland, Oregon 97204
Attorneys for defendant PNC Bank, NA

AIKEN, Chief Judge:

Defendant Pite Duncan, LLP ("Pite") filed a motion to dismiss plaintiff Terry Worley's Fair Debt Collection Practices Act ("FDCPA") claim pursuant to Fed. R. Civ. P. 12(b)(6); defendant PNC Bank, NA ("PNC") moves to join in that motion. Additionally, Pite and plaintiff request judicial notice of certain documents. For the reasons set forth below, Pite's motion to dismiss is granted and this case is dismissed.

**BACKGROUND**

In 2005, plaintiff took out a loan in the amount of $190,000 from AccuBanc Mortgage to purchase a residential property in Roseburg, Oregon ("Property"). Pursuant to this transaction, plaintiff executed a promissory note ("Note"). The Note was secured by a deed of trust ("DOT"), pursuant to which, plaintiff agreed: (1) to make monthly mortgage payments to PNC, the loan servicer, as required under the Note; (2) that she would be in default, and subject to foreclosure, if she failed to make such

payments; and (3) to pay fees for services performed in connection with any default, including, but not limited to, attorney fees, property inspection fees, and appraisal costs.[1]

At some unspecified time thereafter, plaintiff agreed to sell the Property to an unrelated third-party for $283,000. While PNC initially refused to authorize the sale, it eventually directed plaintiff to contact Pite for the amount due and owing under the Note and DOT ("Payoff Amount"). Plaintiff followed PNC's instructions and, on January 16, 2013, Pite provided a letter listing the Payoff Amount as $183,662.37. See Compl. ¶ 23. On January 18, 2013, PNC furnished its own Payoff Amount; in total, PNC sought $187,907.93 under the Note and DOT. Id. Ultimately, "[p]laintiff's financial situation forced her into closing the sale and paying the amounts that PNC sought in its payoff." Id. at ¶ 25.

On November 26, 2013, plaintiff filed a complaint in this Court, alleging claims for: (1) violations of the FDCPA, 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692e(11), 1692f(1), and 1692g, against Pite; (2) violation of Or. Rev. Stat. § 646.608(1)(u), Oregon's Unlawful Trade Practices Act, against PNC;

[1] Plaintiff omits myriad salient facts from her complaint, including when the loan was originated, its terms, whether her loan repayments were current, etc. The DOT furnishes additional details regarding the underlying loan transaction. As discussed in greater detail below, the Court takes judicial notice of this document and uses facts contained therein to provide context for the parties' dispute.

and (3) conversion against PNC. On December 26, 2013, Pite filed a motion to dismiss plaintiff's FDCPA claim with prejudice. On January 15, 2013, PNC moved to join in Pite's motion to dismiss.

## STANDARD

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Bacca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

## DISCUSSION

Pite argues that plaintiff's FDCPA claims under 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692g should be dismissed because its

January 16, 2013 letter provided the statutorily-required notices. Pite also contends that dismissal is appropriate because the fees listed in the Payoff Amount were both authorized by the DOT and properly included as a result of plaintiff' default.

I. Motion for Joinder

PNC moves to join in Pite's motion to dismiss. PNC's motion, however, is silent as to the alleged pleading insufficiencies or substantive merits of plaintiff's claims and is instead contingent upon a finding that the fees of which plaintiff complains were validly assessed, which is the determinative legal issue for plaintiff's state law claims. See PNC's Mot. Joinder 2. The Court grants PNC's motion for joinder in this regard.

II. Requests for Judicial Notice

To support its motion to dismiss, Pite requests judicial notice of the DOT and a "true and correct copy of the [two page] payoff letter sent by Pite Duncan, LLP to Plaintiff on January 16, 2013." Pite's Mot. Jud. Notice 2. Pite seeks judicial notice of these documents to circumstantiate that: (1) it provided the requisite notices under the FDCPA, which appear on the second page of its January 16, 2013 letter; and (2) the terms of plaintiff's DOT expressly authorize the fees charged, including attorney fees, where, as here, the borrower is default.

Plaintiff also requests judicial notice of the "Certification of Anita Holbrook to the Superior Court of New Jersey in the case,

In the Matter of Residential Mortgage Foreclosure Pleading and Document Irregularities, Docket No. F-238-11.1," which provides information about PNC's mortgage servicing software, LPS-MSP. Pl.'s Mot. Jud. Notice 1-2. According to plaintiff, because PNC uses LPS-PM to communicate "correct information" with its foreclosure counsel - i.e. Pite - and PNC's Payoff Amount does not list $615 in attorney fees, "both PNC and Pite Duncan provided plaintiff with incorrect payoff information."[2] Pl.'s Resp. to Mot. Dismiss 4.

Review of a Fed. R. Civ. P. 12(b)(6) motion is generally limited to the complaint. United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). Nevertheless, the "court may judicially notice a fact that is not subject to reasonable dispute," even when considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), if that fact "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Mullis v. U.S. Bankruptcy Ct., 828 F.2d 1385, 1388

---

[2] Contrary to plaintiff's assertion, PNC and Pite both delineated a $615 charge for attorney fees in their respective Payoff Amounts. See Compl. ¶ 23 (Pite identifying $615 in "attorney fees" and PNC listing a $615 fee for "corporate advances"). Further, the Court questions the relevance of this document, as it is undisputed that "PNC uses LPS software to communicate with foreclosure counsel." Pite's Reply to Mot. Dismiss 3; see also Hart v. Parks, 450 F.3d 1059, 1063 n.2 (9th Cir. 2006) (court need not take judicial notice of documents, regardless of whether they meet the requirements of Fed. R. Civ. P. 201(b), that are unrelated to the matter at issue).

(9th Cir. 1987) (facts subject to judicial notice may be considered on a motion to dismiss). As such, facts contained in public records are ordinarily considered appropriate subjects for judicial notice. Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). Likewise, the court may take judicial notice of extrinsic documents that are undisputed and integral to the plaintiff's claims. Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998), superceded by statute on other grounds as recognized in Abrego v. The Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (citations and internal quotations omitted).

Here, plaintiff disputes that she actually received the second page of Pite's January 16, 2013 letter, which she concedes contained the statutorily-required notices. See Pl.'s Resp. to Mot. Dismiss 5. Yet "actual receipt is not required . . . such a Notice need only be sent to a debtor." Wilson v. NACM-Or. Serv. Co., 2013 WL 6780627, *5 (D.Or. Dec. 19, 2013) (citing Mahon v. Credit Bureau of Placer Cnty. Inc., 171 F.3d 1197, 1201 (9th Cir. 1999)) (internal quotations omitted and emphasis added); see also Pl.'s Resp. to Mot. Dismiss 5 ("[t]o the extent that Pite Duncan actually sent both pages of the subject letter it would not have violated . . . the FDCPA"). Moreover, even assuming actual receipt was mandated by the statute, "lack of memory alone is not sufficient to prove lack of receipt." Wilson, 2013 WL 6780627 at *5.

Critically, as Pite observes, "[p]laintiff does not argue that either her street or email address as it appears on the letter is incorrect." Pite's Reply to Mot. Dismiss 4; see also Kim v. Gordon, 2011 WL 3299813, *2-3 (D.Or. Aug. 2, 2011) ("a notice is [not] 'sent' pursuant to 15 U.S.C. § 1692g(a) when the mailing address omits a particular portion of the debtor's address"). Additionally, in response to Pite's request for judicial notice, plaintiff does not furnish any evidence evincing that she only received the first page of Pite's two-page January 16, 2013 letter, which would, at least, create the inference that the second page may not have been sent. Accordingly, the fact that "plaintiff's records indicate that she received a page one of the letter from Pite Duncan that did not contain the notices" is inconsequential to both her allegations under 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692g, and Pite's request for judicial notice. Pl.'s Resp. to Mot. Dismiss 5; see also Pite's Mot. Jud. Notice 2 (indicating that both pages of Pite's January 16, 2013 were sent to plaintiff).

In sum, because there is no dispute that the second page of Pite's January 16, 2013 letter was sent, which is the dispositive inquiry, and because plaintiff's claims necessarily rely on the contents of this letter, the Court takes judicial notice thereof. The remaining documents introduced by Pite and plaintiff are also subject to judicial notice because they are part of the public record and, as such, are capable of accurate and ready

determination by resort to sources whose accuracy cannot reasonably be questioned. Further, plaintiff incorporates the DOT by reference and it is central to her complaint. See, e.g., Compl. ¶¶ 16-24. Thus, the parties' requests for judicial notice are granted.

III. FDCPA Claim

The FDCPA creates guidelines under which debt collectors may conduct business and exists to promote the fair collection of consumer debts. Plaintiff asserts that Pite's conduct violated the following six provisions of the FDCPA: 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(2)(B), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e(11), 15 U.S.C. § 1692f(1), and 15 U.S.C. § 1692g.

A. Allegations Relating to the FDCPA's Statutory Notice Provisions: 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692g

The FDCPA requires debt collectors to make certain disclosures pursuant to their collection activities. See 15 U.S.C. § 1692e(11) (debt collector must "disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector"); 15 U.S.C. § 1692g(a) ("debt collector shall . . . send the consumer a written notice containing," among other things, "the amount of the debt[,]" "the name of the creditor to whom the debt is owed[,]"

and "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid").

Plaintiff contends that the January 16, 2013 letter she received "failed to indicate that Pite Duncan is a debt collector[,] that any information obtained from plaintiff would be for the purposes of collecting a debt[,] [and] that unless plaintiff disputed any portion of the debt Pite Duncan would assume that debt to be valid." Compl. ¶¶ 5, 21-22. As discussed in section II, however, the January 16, 2013 letter that Pite sent plaintiff complied with the FDCPA's notice provisions. Accordingly, Pite's motion is granted to the extent that plaintiff alleges violations of 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692g(a).

B. <u>Allegations Relating to Allegedly Improperly Assessed Fees: 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(2)(B), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1)</u>

Plaintiff's complaint is devoid of any factual allegations concerning whether her loan repayments were current at the time she requested a Payoff Amount and her brief is silent as to this issue. <u>See</u> Compl. ¶ 16 (stating only that "Pite Duncan began its collection efforts after it alleged that plaintiff's loan was in default"); <u>compare</u> Pite's Mem. in Supp. of Mot. Dismiss 1 ("[p]laintiff defaulted on her mortgage in 2012 and [PNC] referred

the case to Pite Duncan for foreclosure"), with Pl.'s Resp. to Mot. Dismiss 3 (neglecting to acknowledge Pite's assertion that she materially defaulted on her loan and asserting only that Pite "did not incur $615 in attorney fees [because it] had not commenced a foreclosure or provided plaintiff with anything other than a payoff letter"); see also PNC's Mot. Joinder 1 ("[p]laintiff was a borrower who defaulted on her mortgage loan serviced by PNC").

The resolution of this factual discrepancy is critical to plaintiff's allegations under 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, which generally preclude debt collectors from using false representations, deceptive means, or unconscionable tactics in the course of attempting to collect the repayment of a debt. The crux of plaintiff's lawsuit is that Pite and PNC charged her $656 in attorney and other fees that were not owed. See Compl. ¶ 19. It is undisputed, however, that Pite was retained by PNC as foreclosure counsel. Id. at ¶¶ 14-16; Pite's Reply to Mot. Dismiss 3-4. It is also undisputed that, as foreclosure counsel, Pite is authorized under the DOT to collect attorney and other fees where a borrower materially defaults. See Pl.'s Resp. to Mot. Dismiss 3; Pite's Mot. Jud. Notice Ex. A, at 7-8, 10.

Essentially, if plaintiff's loan repayments were not current, then the fees charged by Pite and/or PNC are expressly authorized by the DOT and therefore lawful under the circumstances unless

otherwise unreasonable.[3] See Shapiro v. Riddle & Assocs., P.C., 351 F.3d 63, 64 (2nd Cir. 2003) (per curiam) (law firm did not violate 15 U.S.C. § 1692e(2) or 15 U.S.C. § 1692f(1) where "the agreement between Shapiro and the creditor authorized Riddle to charge Shapiro a reasonable fee and because the $98 charge was reasonable in light of 'the undisputed evidence' of Riddle's work on [a FDCPA debt collection] letter"). Conversely, if plaintiff was not in default at the time of the Payoff Amount, then plaintiff is correct that "PNC could not legally collect the fees it did." Pl.'s Resp. to Mot. Dismiss 6.

While the Court is required to accept her well-pleaded allegations as true pursuant to a Fed. R. Civ. P. 12(b)(6) motion, the fact remains that plaintiff cannot insulate herself against dismissal by omitting reference to relevant facts or documents. See Parrino, 146 F.3d at 706 ("plaintiffs [cannot] surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents

---

[3] Plaintiff's contention that Pite accrued zero dollars in fees because it "had not commenced a foreclosure" is implausible. Pl.'s Resp. to Mot. Dismiss 3; Hogan v. N.W. Trust Servs., Inc., 2010 WL 1872945, *4 (D.Or. May 7, 2010), aff'd, 441 Fed.Appx. 490 (9th Cir. 2011) (court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). As plaintiff recognizes, Pite prepared a Payoff Amount via the January 16, 2013 letter, which is a fee-inducing activity. See Shapiro, 351 F.3d at 64. If plaintiff's loan was in default, Pite would have undoubtedly incurred additional fees. Further, to the extent that plaintiff implies in her opposition that the amount of attorney fees was unreasonable, such allegations do not appear in her complaint and therefore are immaterial for the purposes of Pite's motion to dismiss.

upon which their claims are based"). Pite explicitly raised the issue of plaintiff's failure to make requisite monthly payments under the Note and DOT, yet plaintiff elected not to address or respond to that assertion.[4] Under these circumstances, the Court treats plaintiff's silence as a concession that she had, in fact, materially defaulted under the Note and DOT in 2012.

Therefore, because the DOT authorized the disputed costs, Pite did not engage in false, misleading, or unconscionable tactics by denoting that plaintiff owed $656 in attorney and other fees in the Payoff Amount. As such, Pite's motion is granted and this case is dismissed.

**CONCLUSION**

PNC's motion for joinder (doc. 14) is GRANTED. Pite's and plaintiff's motions for judicial notice (docs. 7, 16) are also GRANTED. In addition, Pite's motion to dismiss (doc. 5) is GRANTED without prejudice and this case is DISMISSED. Accordingly, Pite's request for oral argument is DENIED as unnecessary.

---

[4] The Court notes further that, while PNC's and Pite's Payoff Amounts included variable fees arising out of her failure to make regular mortgage repayments, plaintiff only expressly disputes the charges for $41 in other fees and $615 in attorney fees, suggesting that she construes the other default-related costs, such as those for late charges, interest, and recording of the Notice of Default and Election to Sell, as valid.

IT IS SO ORDERED.

Dated this 23rd day of February 2014.

Ann Aiken
United States District Judge